SCHMELTZ v. ROWEN.

Vendor and Purchaser—Foreclosure in Chancery—Upset Price—
Estoppel.

Notwithstanding statute governing foreclosure of mortgages and
land contracts in chancery contemplates that the minimum or
"upset" price shall be fixed by the court prior to the date
of sale, purchaser may not complain where, at his request,
decision thereupon was postponed until confirmation, testimony
was taken in the interim and sale price of $8,307 was increased
to $12,000, in the absence of claim or showing that proceedings
were fraudulent or that a better price would have been obtained
or that there would have been any other bidders than the vendor
(3 Comp. Laws 1929, § 14366, as amended by Act No. 229,
Pub. Acts 1933, § 14620 *et seq.*).

Appeal from Oakland; Doty (Frank L.), J. Sub-
mitted January 3, 1939. (Docket No. 12, Calendar
No. 40,223.) Decided March 9, 1939.

Bill by Emma M. Schmeltz against Benjamin
Rowen to foreclose a land contract and for a de-
ficiency decree. From order confirming foreclosure
sale, defendant appeals. Affirmed.

*Payne & Payne* (*Albert McClatchey,* of counsel),
for plaintiff.

*Leonard F. Donaldson,* for defendant.

Chandler, J. Plaintiff and defendant were, re-
spectively, the vendor and vendee under a certain
land contract dated February 14, 1925. The pur-
chase price of the land sold was fixed at $33,000, the

contract providing for an initial payment of $8,000 with the balance payable in instalments of $1,500 or more annually thereafter. Default occurred in the terms and conditions of said contract, and on February 12, 1936, the bill of complaint herein was filed, praying for foreclosure and a decree for the deficiency in the event the proceeds from the sale of the premises failed to equal the amount found by the court to be remaining unpaid. Defendant's answer, among other things, prayed that the court establish a minimum or "upset" price at which the premises might be sold in accordance with the provisions of 3 Comp. Laws 1929, § 14366, as amended by Act No. 229, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 14366, Stat. Ann. § 27.1134).

Upon hearing held October 5, 1937, the following colloquy occurred:

"*Mr. Donaldson:* In connection with this foreclosure, it was our purpose at the time of the trial to ask the court to fix an upset price in connection with the sale of the property. We would like at this time to reserve that right until the confirmation of that sale. We don't anticipate what that sale will be or what price it would bring. Consequently, we would ask the court to reserve us the right to come in on a petition to object to the confirmation and then enter proofs, put in our testimony.    *    *    *

"*Mr. Donaldson:* Now if your Honor please, in respect to the phase of this trial which fixes the upset price and the chancery sale. That may be reserved until confirmation?

"*The Court:* Well, under the circumstances I hesitate about extending the time for that.

"*Mr. Donaldson:* Properly it comes up at the time of that confirmation. That is our practice in Detroit certainly. The upset price is fixed on objections to the confirmation.

"*The Court:* Well, out here we usually do it—fix it before sale—fix the upset price before sale.

"*Mr. Donaldson:* In this circuit?

"*The Court:* Yes.

"*Mr. Donaldson:* Well, I am not prepared to offer testimony on that matter. They have one witness here who is an appraiser, I understand, and are prepared to do that but I am not prepared this morning."

A decree of foreclosure was entered and the premises ordered sold, the court finding the balance remaining unpaid on the contract to be $28,225.57.

Thereafter, on October 14, 1937, defendant filed a separate petition praying that the court establish a minimum or "upset" price for the sale of said property, and testimony was subsequently taken as to the value thereof.

On February 21, 1938, the commissioner's report of sale was filed, showing that on January 31, 1938, the premises were sold to plaintiff, the highest bidder, for the sum of $8,307. Defendant filed objections to the report of sale on the grounds that plaintiff's bid was wholly inadequate and that there was pending the motion for the court to establish a minimum sale price, and that confirmation of the sale would be improper prior to disposition of said motion. Upon hearing of this motion, the court suggested that plaintiff's bid be increased to $12,000. This being agreeable to plaintiff, the minimum price was fixed by the court at this amount, the report of sale amended to conform therewith, and the sale confirmed. In connection therewith, the following occurred:

"*Mr. McClatchey:* In this case, your Honor, when I was here two weeks ago you suggested we raise the bid from $8,250 to $12,000 and draw an

order accordingly and I have prepared the order changed.

"*The Court:*   Making the upset price $12,000?

"*Mr. McClatchey:*   Instead of $8,250.

"*The Court:* · Is that satisfactory?

"*Mr. Donaldson:*   If the court please, that isn't in line with the testimony that was had before your Honor.

"*The Court:*   I am quite well satisfied that $12,000 is the proper price.   I have given it quite a lot of thought and consideration.   You may have the order as presented.

"*Mr. Donaldson:*   May we have 20 days' stay?

"*The Court:*   Yes."

It is from the order so entered that defendant appeals, contending that the same amounted to a resale of the premises and is invalid because there was no compliance with the statutory provisions governing the manner in which such sales shall be had.

It is conceded that 3 Comp. Laws 1929, § 14686 (Stat. Ann. § 27.1650), is controlling as to the matter of notice of sale and the manner in which it shall be held.   This section provides that the sale shall be held in accordance with the statutory requirements governing sales of real estate on execution, the same being found in 3 Comp. Laws 1929, § 14620 *et seq.* (Stat. Ann. § 27.1584 *et seq.*).

Although it is apparent that 3 Comp. Laws 1929, § 14366, as amended by Act No. 229, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 14366, Stat. Ann. § 27.1134) contemplates that the minimum or "upset" price shall be fixed by the court prior to the date of sale, in view of the fact that such price was determined at the time of confirmation, upon request of defendant's counsel, his complaint that the procedure was improper is unimpressive.

From the colloquies, hereinbefore quoted, it is unmistakably clear that the court was prepared to fix the minimum price at the time the hearing was had on the bill of complaint. At defendant's express request, decision of this issue was postponed until confirmation, testimony as to the value of the property having been taken in the interim. It would be wholly inequitable now to set aside the sale because defendant feels that the procedure requested by him was not in accord with statutory provisions relative to notice of sale.

Defendant has neither alleged nor shown that any of the proceedings in connection with the sale were tainted with fraud. He made no effort to show that, had the court refused to confirm the report of sale and ordered a resale, a better price would have been obtained, or that there would have been any bidders other than plaintiff. Plaintiff's bid made at the commissioner's sale was based upon the testimony of her expert witness as to the value of the premises. Although objected to as inadequate, the trial court could have, as a matter of law and in the exercise of reasonable judgment, accepted this sum as the minimum or "upset" price. Viewed in this light, the increase of the sale price to $12,000, with plaintiff's consent, amounted to a gratuity to defendant.

We have examined *Bovay* v. *Townsend* (C. C. A.), 78 Fed. (2d) 343 (105 A. L. R. 359), cited by defendant, but do not deem it controlling of the instant case.

The order of the trial court is affirmed, with costs to plaintiff.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER and MCALLISTER, JJ., concurred. NORTH, J., took no part in this decision.